856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nigel MACCADO, Defendant-Appellant.
 No. 87-5192.
 United States Court of Appeals, Fourth Circuit.
 Argued July 29, 1988.
Decided Aug. 23, 1988.
 
 Norman Polski (Richard M. Karceski on brief) for appellant.
 David P. King, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Carmina S. Hughes, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from defendant's conviction under 18 U.S.C. Sec. 472 of five counts of passing and attempting to pass counterfeit bills. We affirm.
 
 
 2
 Defendant contends that the district court erred in permitting the government to introduce into evidence a passport bearing the picture of the defendant, Nigel Maccado, but containing the name "Nigel Anderson." Defendant argues that the district court improperly balanced the prejudicial effect of the evidence with its probative value.
 
 
 3
 Federal Rule of Evidence 403 provides in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." This Court has recently reaffirmed the well established principle that " 'the appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge; absent extraordinary circumstances, the Courts of appeal will not intervene in its resolution.' " United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.1988) (citations omitted).
 
 
 4
 In the instant case, the government sought to introduce the defendant's altered passport into evidence in order to refute earlier statements by the defendant and his wife that the counterfeiter might be a cousin named Nigel Anderson and that defendant had never used the name "Nigel Anderson." The trial judge stated that he had examined the evidence "under 403 and I do not find that the prejudicial effect would outweigh the probative value." The district court properly weighed the evidence and reached the proper conclusion. There is no "extraordinary circumstance" which would require reversal of the judgment of the district court.
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.